Coleen **CLEMENTE**, Plaintiff–
Appellant,

v.

**OREGON DEPARTMENT
OF CORRECTIONS,**
Defendant–Appellee.

No. 07–35027.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2009.

Filed March 2, 2009.

Marianne G. Dugan, Eugene, OR, for Plaintiff–Appellant.

Keith J. Bauer, Parks Bauer Sime Winkler & Fernety LLP, Salem, OR, for Defendant–Appellee.

Before: PAEZ and RAWLINSON,

Circuit Judges, and COLLINS,* District Judge.

## MEMORANDUM **

Coleen Clemente appeals the district court's grant of summary judgment to Defendant Oregon Department of Corrections ("ODOC") on her pay discrimination and retaliation claims under the Equal Pay Act ("EPA") and Title VII. We review a district court's grant of summary judgment de novo. *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044 (9th Cir.2008). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The ODOC rebutted Clemente's prima facie case of pay discrimination by offering undisputed evidence that the only male hired at a higher starting salary than Clemente had experience as a correctional hearings officer and was earning more as a county correctional hearing officer than he would as a state correctional hearing officer if hired at the "Step 1" salary level. In order to survive summary judgment on her pay discrimination claim, Clemente must therefore offer sufficient evidence to create a triable issue of fact as to whether the ODOC's proffered nondiscriminatory reasons for the disparity between her starting salary and that of her male coworker, Sam Nagy, are pretextual. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1076 (9th Cir.1999); *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir.1986).

Clemente first argues that Nagy's experience is not superior to her own, and thus cannot justify the salary differential. However, it is undisputed that the ODOC preferred applicants with correctional hearing experience, and that Nagy had such experience and Clemente did not.

Moreover, another male hired during the same period who, like Clemente, had significant experience as an attorney but no correctional experience, started at the same "Step 1" salary as Clemente. Clemente next argues that variations in the ODOC's proffered explanations for the salary differential demonstrate pretext. *See Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 569 (9th Cir.2004). The variations, however, were minor, and the explanations offered were never inconsistent; the district court thus properly considered this evidence insufficient to create a genuine issue of fact as to pretext. *See id.; Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 661 (9th Cir. 2002). Finally, although Clemente has offered some evidence that her ODOC supervisor later discriminated against her on the basis of gender, she fails to present sufficient evidence linking any discriminatory animus to her salary offer. The district court's grant of summary judgment was therefore proper.

2. To establish a prima facie case of Title VII retaliation, a plaintiff must demonstrate that: (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir.2008). An employment action is adverse if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (internal quotations omitted). Because none of the four actions that Clemente alleges were retaliatory

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

would have dissuaded a reasonable worker from making a charge of discrimination, Clemente has failed to demonstrate that she suffered an adverse employment action, and summary judgment was thus appropriate on her retaliation claim.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.